## Inter-Company Credit Agreement

Date: July 1, 2004

Credit Limit: $500,000,000.00                    Maturity Date: On Demand

| Lender: | Borrower: |
|---|---|
| NETBANK, a federal savings bank | Meritage Mortgage Corporation |
| 11475 Great Oaks Way, Suite 100<br>Alpharetta, GA 30022 | 9710 Two Notch Road<br>Columbia, SC 29223 |

FOR VALUE RECEIVED, the undersigned Borrower unconditionally promises to pay to the order of Lender, its successors and assigns, without setoff, at its offices indicated at the beginning of this Agreement, or at such other place as may be designated by Lender, the principal amount of Five Hundred Million and 00/100 Dollars ($500,000,000.00), or so much thereof as may be advanced from time to time in immediately available funds, together with interest computed daily on the outstanding principal balance hereunder, at an annual interest rate, and in accordance with the payment schedule, indicated below.

1.  **Rate.** The interest rate shall be a per annum rate equal to one month LIBOR (London interbank offered rate) as quoted by Bloomberg on the first day of each month plus 1.475 percentage points (the "Rate"). Notwithstanding any provision of this Agreement, Lender does not intend to charge and Borrower shall not be required to pay any amount of interest or other charges in excess of the maximum permitted by the applicable law of the State of Georgia; if any higher rate ceiling is lawful, then that higher rate ceiling shall apply. Any payment in excess of such maximum shall be refunded to Borrower or credited against principal, at the option of Lender.

2.  **Accrual Method.** Unless otherwise indicated, interest at the Rate set forth above will be calculated based upon the actual number of days elapsed over a 360-day year.

3.  **Payment Schedule.** All payments received hereunder shall be applied first to the payment of any expense or charges payable hereunder or under any other loan documents executed in connection with this Agreement, then to interest due and payable, with the balance applied to principal, or in such other order as Lender shall determine at its option. Principal and interest shall be paid by Borrower in full on demand by Lender.

4.  **Revolving Feature.** Borrower may borrow, repay and reborrow hereunder at any time, up to a maximum aggregate amount outstanding at any one time equal to the principal amount of this Agreement, provided that Borrower is not in default under any provision of this Agreement. Lender shall incur no liability for its refusal to advance funds based upon its determination that any conditions of such further advances have not been met. Lender records of the amounts borrowed from time to time shall be conclusive proof thereof.

5.  **Waivers, Consents and Covenants.** Borrower: (a) waives presentment, demand, protest, notice of demand, notice of intent to accelerate, notice of acceleration of maturity, notice of protest, notice of nonpayment, notice of dishonor, and any other notice required to be given under the law to Borrower in connection with the delivery, acceptance, performance, default or enforcement of this Agreement, or any indorsement or guaranty of this Agreement; (b) consents to all delays, extensions, renewals or other modifications of this Agreement, and agrees that no such action, failure to act or failure to exercise any right or remedy by Lender shall in any way affect or impair the obligations of Borrower or be construed as a waiver by Lender of, or otherwise affect, any of Lender's rights under this Agreement; and (c) agrees to pay, on demand, all costs and expenses of collection or defense of this Agreement or of any indorsement or guaranty hereof and/or the enforcement or defense of Lender's rights with respect to, or the administration, supervision, preservation, or protection of, or realization upon, any property securing payment hereof, including, without limitation, reasonable attorney's and paralegal's fees, including fees related to any suit, mediation or arbitration proceeding, out of court payment agreement, trial, appeal, bankruptcy proceedings or other proceeding, in such amount as may be determined reasonable by any arbitrator or court, whichever is applicable.

6.  **Indemnification.** Borrower agrees to promptly pay, indemnify and hold Lender harmless from all State and Federal taxes of any kind and other liabilities with respect to or resulting from the execution and/or delivery of this Agreement or any advances made pursuant to this Agreement.

7. **Prepayments.** Prepayments may be made in whole or in part at any time. All prepayments of principal shall be applied in the inverse order of maturity, or in such other order as Lender shall determine in its sole discretion.

8. **Events of Default.** The following are events of default hereunder: (a) the failure to pay or perform any obligation, liability or indebtedness of Borrower to Lender, as and when due (whether upon demand, at maturity or by acceleration); (b) the failure to pay or perform any other obligation, liability or indebtedness of Borrower; (c) the commencement of a proceeding against Borrower for dissolution or liquidation, the voluntary or involuntary termination or dissolution of Borrower; (d) the insolvency of, the business failure of, the appointment of a custodian, trustee, liquidator or receiver for or for any of the property of, the assignment for the benefit of creditors by, or the filing of a petition under bankruptcy, insolvency or debtor's relief law or the filing of a petition for any adjustment of indebtedness, composition or extension by or against Borrower; or (e) the entry of a judgment against Borrower which Lender deems to be of a material nature, in Lender's sole discretion.

9. **Remedies upon Default.** Whenever there is a default under this Agreement the entire balance outstanding hereunder and all other obligations of Borrower to Lender (however acquired or evidenced) shall, at the option of Lender, become immediately due and payable and any obligation of Lender to permit further borrowing under this Agreement shall immediately cease and terminate. At Lender's option, any accrued and unpaid interest, fees or charges may, for purposes of computing and accruing interest on a daily basis after the due date of the Agreement or any installment thereof, be deemed to be a part of the principal balance, and interest shall accrue on a daily compounded basis after such date at the Rate provided in this Agreement until the entire outstanding balance of principal and interest is paid in full.

10. **Non-waiver.** The failure at any time of Lender to exercise any of its options or any other rights hereunder shall not constitute a waiver thereof, nor shall it be a bar to the exercise of any of its options or rights at a later date. All rights and remedies of Lender shall be cumulative and may be pursued singly, successively or together, at the option of Lender. The acceptance by Lender of any partial payment shall not constitute a waiver of any default or of any of Lender's rights under this Agreement. No waiver of any of its rights hereunder, and no modification or amendment of this Agreement, shall be deemed to be made by Lender unless the same shall be in writing, duly signed on behalf of Lender; each such waiver shall apply only with respect to the specific instance involved, and shall in no way impair the rights of Lender or the obligations of Borrower to Lender in any other respect at any other time.

11. **Applicable Law, Venue and Jurisdiction.** This Agreement and the rights and obligations of Borrower and Lender shall be governed by and interpreted in accordance with the law of the State of Georgia. In any litigation in connection with or to enforce this Agreement or any indorsement or guaranty of this Agreement, Borrower irrevocably consents to personal jurisdiction on the courts of the State of Georgia or the United States located within the State of Georgia and expressly waive any objections as to venue in any such courts. Nothing contained herein shall, however, prevent Lender from bringing any action or exercising any rights within any other state or jurisdiction or from obtaining personal jurisdiction by any other means available under applicable law.

12. **Partial Invalidity.** The unenforceability or invalidity of any provision of this Agreement shall not affect the enforceability or validity of any other provision herein and the invalidity or unenforceability of any provision of this Agreement.

13. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of Borrower, Lender and their respective successors, assigns, heirs and personal representatives, provided, however, that no obligations of Borrower hereunder can be assigned without prior written consent of Lender.

14. **Controlling Document.** To the extent that this Agreement conflicts with or is in any way incompatible with any other document related specifically to the loan evidenced by this Agreement, this Agreement shall control over any other such document, and if this Agreement does not address an issue, then each other such document shall control to the extent that it deals most specifically with an issue.

15. **Loans to Affiliates.** If Borrower is an "Affiliate" of Lender as defined in 12 CFR 563.41, then the loan evidenced by this Agreement shall be subject to the requirements and limitations of 12 CFR 563.41 and Regulation W promulgated by the Federal Reserve Board (insomuch as such Regulation is applicable to Lender).

Borrower:

Meritage Mortgage Corporation

By: _____
Print Name: Steven F. Herbert
Its. Chief Financial Officer