# SECURITY AGREEMENT

On this 23rd day of January, 2007, Meritage Mortgage Corporation, an Oregon corporation with a place of business at 4901 Belfort Road, Suite 160, Jacksonville, FL 32256 (hereinafter called "Debtor"), for valuable consideration, receipt whereof is acknowledged, grants to NetBank, a federal savings bank with its principal place of business at 1015 Windward Ridge Parkway, Alpharetta, GA 30005 (hereinafter called "Secured Party") a security interest in the following described property and interests in property of Debtor (hereinafter called the "Collateral"):

(a) all residential mortgage loans, whether now owned or hereafter acquired, including all principal thereof and interest thereon from time to time outstanding or paid and all of the other papers related to a residential mortgage loan and the creation, perfection and maintenance of its lien and lien priority, including any papers securing, guaranteeing or otherwise related to or delivered in connection with any residential mortgage loan, in a form reasonably acceptable to the Secured Party (including any guaranties, lien priority agreements, security agreements, mortgages, deeds of trust, collateral assignments of the Debtor's interests in underlying obligations or security, subordination agreements, negative pledge agreements, loan agreements and title, mortgage, pool and casualty insurance policies, as any such papers may be supplemented, amended, restated or replaced from time to time evidencing, securing or otherwise relating to such residential mortgage loans, whether or not such mortgage loans are pledged to the Secured Party or repledged to, deposited with, delivered to, caused to be delivered (or sent) by the Debtor to, or held by or for, the Secured Party or held for the Secured Party by any financial intermediaries, securities intermediaries, custodians, or bailees;

(b) all private mortgage insurance on, any such mortgage loans, and all renewals, extensions, modifications and replacements of any of them; all rights, liens, security interests, guaranties, insurance agreements and assignments accruing or to accrue to the benefit of the Debtor in respect of any of the mortgage loans; all rights to service (and be compensated for servicing) any mortgage loans to the extent that any such rights exist, including the right to receive reimbursement for advances made by the Debtor for taxes, insurance or both resulting from related escrow accounts' not being adequately funded at origination of such mortgage loans to the extent that such reimbursement rights have been pledged to another; all of the Debtor's rights, powers, privileges, benefits and remedies under each and every paper now or hereafter securing, insuring, guaranteeing or otherwise relating to or delivered in connection with any of the mortgage loans, including all guaranties, lien priority agreements, security agreements, deeds of trust, collateral assignments, subordination agreements, negative pledge agreements, loan agreements, management agreements, development agreements, design professional agreements, payment, performance or completion bonds, title and casualty insurance policies and mortgage guaranty or insurance contracts

(c) all hazard insurance or condemnation proceeds paid or payable with respect to any of the mortgage loans and/or any of the property securing payment of any of the mortgage loans or covered by any related instrument; all of the Debtor's rights now or hereafter existing in, to or under any collateralized mortgage obligations and other mortgage backed securities secured by or representing any interest in any of the mortgage loans, whether evidenced by book

entry or certificate [the Secured Party's lien, mortgage, deed of trust, pledge, security interest, charge or encumbrance of any kind (including any conditional sale or other title retention agreement, any finance lease or other contract in the nature thereof and any agreement to give any security interest) against each collateralized mortgage obligations and other mortgage backed securities created from, based on or backed by mortgage loans shall automatically attach to, cover and affect all of the Debtor's right, title and interest in that collateralized mortgage obligation and other mortgage backed securities when issued and its proceeds and the Secured Party's lien, mortgage, deed of trust, pledge, security interest, charge or encumbrance of any kind, (including any conditional sale or other title retention agreement, any finance lease or other contract in the nature thereof and any agreement to give any security interest) against the mortgage loans from which such collateralized mortgage obligations and other mortgage backed securities was so created shall automatically be released when the collateralized mortgage obligations and other mortgage backed securities is issued, subject to automatic reinstatement if such issuance is voided or set aside by any court of competent jurisdiction]; all proceeds of any nature paid or payable by any governmental, quasi-governmental or private mortgage guarantor or insurer with respect to any of the mortgage loans; all tax, insurance, maintenance fee and other escrow deposits or payments made by the Borrowers under such mortgage loans (the Secured Party acknowledges that the Debtor's rights in such deposits are limited to the rights of an escrow agent and such other rights, if any, in and to such deposits as are accorded by the mortgage loans and related papers); any and all personal property, contract rights, accounts, general intangibles, instruments and proceeds of whatever kind relating to the mortgage loans (except as and to the extent specifically excluded by the provisions hereof) and all other papers delivered to the Secured Party or custodian and all other rights transferred to the Secured Party in respect of any of the mortgage loans, including the right to receive all insurance proceeds (including casualty insurance, pool insurance and title insurance proceeds) and condemnation awards or payments in lieu of condemnation which may be or become payable in respect of the premises encumbered or intended to be encumbered by any mortgage loan;

(d)   all files, papers, documents, instruments, surveys, certificates, correspondence, appraisal reports, computer programs, tapes, disks, cards, accounting records and other records, information and data relating to any of the mortgage loans or any of their mortgage notes and all of the other papers related to a mortgage loan and the creation, perfection and maintenance of its lien and lien priority for a particular item of collateral, including any papers securing, guaranteeing or otherwise related to or delivered in connection with any mortgage loan, in a form reasonably acceptable to the Secured Party (including any guaranties, lien priority agreements, security agreements, mortgages, deeds of trust, collateral assignments of the Debtor's interests in underlying obligations or security, subordination agreements, negative pledge agreements, loan agreements and title, mortgage, pool and casualty insurance policies), as any such papers may be supplemented, amended, restated or replaced from time to time, including any of the foregoing necessary or useful for the Debtor or any other servicer to service or administer any of the mortgage loans or their proceeds;

(e)   all rights to have and receive any of the foregoing and all proceeds of any of the foregoing, including all present and future accounts, general intangibles, instruments, real or personal property, books, records, contract rights, documents (including all documents of title), chattel paper and proceeds relating to, arising from or by virtue of or collections with respect to, or comprising part of, any of the foregoing, including all insurance and claims for insurance

affected or held for the benefit of the Debtor, the Secured Party or any custodian in respect of any of the foregoing;

(f) all other rights and interests now owned or hereafter acquired by the Debtor in, under or relating to any of the Collateral described or referred to above and all proceeds of sale or other disposition of, such Collateral and all contracts and agreements, whether oral or written, relating thereto, and any instruments, documents or writings evidencing any monetary obligation, contract right, general intangible, account or security interest in any of such Collateral, or its proceeds, whether now existing or hereafter arising, accruing or accrued. Collateral also includes all other rights and interests in and to any and all security for or claims against others in respect of any of the Collateral described or referred to above, or proceeds of sale or other disposition of, any of such Collateral; and

(g) all accessions or additions to, substitutions for and proceeds of any and all of the foregoing, together with all renewals and replacements of any of the foregoing.

As further security for the repayment of Debtor's obligations to Secured Party, Debtor grants to Secured Party a security interest in the following property of the Debtor wherever located or whether now owned or hereafter acquired: All assets, including but not limited to accounts, chattel paper, deposit accounts, electronic chattel paper, equipment, inventory, general intangibles, goods, instruments, investment property, software, letter-of-credit rights and tangible chattel paper, and all proceeds of any of the foregoing.

*Secured Party Appointed Attorney-in-Fact.* The Secured Party is hereby appointed the attorney-in-fact of the Debtor, with full power of substitution, for the purpose of carrying out the provisions of this Security Agreement and taking any action and executing any instruments that the Secured Party may deem necessary or advisable to accomplish this Security Agreement's purposes, which appointment as attorney-in-fact is coupled with an interest and irrevocable for so long as any of the present or future debt, obligations and liabilities under or related to this Security Agreement, whether for principal, interest, premium, fees, costs, attorneys' fees or other obligation or liability, and whether absolute or contingent, and all renewals, extensions, modifications and increases of any of them, are outstanding. Without limiting the generality of the foregoing, the Secured Party shall have the right and power, either in the name of the Debtor, or in its own name, to (a) give notices of its security interests in the Collateral to any person, (b) endorse in blank, to itself or to a nominee all items of Collateral that are transferable by endorsement and are payable to the order of such Debtor, (c) receive, endorse, collect and receipt for all checks and other orders made payable to the order of such Debtor representing any payment on account of the principal of or interest on any Collateral or their proceeds (including any securities), or the proceeds of sale of any of the Collateral, and to give full discharge for them and (d) to direct any custodian to ship mortgage loans to potential purchasers or directly to the Secured Party.

*Further Assurances Concerning Collateral.* In furtherance of the foregoing, the Debtor hereby agrees to perform, or cause to be performed, such acts and duly to authorize, execute, acknowledge, deliver, file and record (or cause such actions to be taken with respect to) such financing statements, assignments, security agreements, deeds of trust, mortgages, bond powers and supplements, modifications or amendments to any of them, and such other papers as the

Secured Party may reasonably request in order to establish and preserve the first priority of, perfect and protect the Liens granted or intended to be granted to the Secured Party in and to any and all such Collateral and to preserve and protect the Secured Party's rights in respect of all present and future Collateral for the present and future debt, obligations and liabilities under or related to any facilities, whether for principal, interest, premium, fees, costs, attorneys' fees or other obligation or liability, and whether absolute or contingent, and all renewals, extensions, modifications and increases of any of them.

*Credit Agreement.* The security interest granted herein secures all Debtor's obligations to Secured Party, including without limitation, Debtor's obligation under that certain Inter-Company Credit Agreement dated July 1, 2004 by and between Debtor and Secured Party.

EXECUTED as of the 23rd day of January, 2007.

MERITAGE MORTGAGE CORPORATION

By: _____
Name:       Charles E. Mapson
Title:       President


NETBANK

By: _____
Name:       Steven F. Herbert
Title:       President